**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

OPAL WATSON,

                Plaintiff,

v.                                          Case No. 3:10-cv-358-J-37JRK

CAPITAL ONE SERVICES, LLC, trading
as Capital One Bank (USA) N.A., and
RUBIN & DEBSKI, P.A.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on Defendant, Rubin & Debski's Motion to Dismiss Plaintiff's First Amended Complaint and Integrated Memorandum of Law (Doc. No. 21; "Motion to Dismiss"), filed October 11, 2010; and Defendant, Rubin & Debski, P.A.['s] Motion for Sanctions Against Plaintiff and Incorporated Memorandum of Law (Doc. No. 24; "Motion for Sanctions"), filed November 30, 2010. The Motions are opposed. See Plaintiff's Response to Rubin & Debski, P.A.'s Motion to Dismiss Amended Complaint (Doc. No. 36; "Response to Motion to Dismiss"), filed January 10, 2011; Plaintiff's Response to Rubin & Debski's Motion for Sanctions (Doc. No. 37; "Response to Motion for Sanctions"), filed January 10, 2011. After obtaining leave of Court (see Order entered January 7, 2011 (Doc. No. 35)), on January 13, 2011, a Reply of Defendant Rubin & Debski, P.A. to Plaintiff's Response to Rubin & Debski's Motion to Dismiss Amended Complaint and Integrated

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rules"), within fourteen (14) days after service of this document. Failure to file timely objections waives a party's right to de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

Memorandum of Law (Doc. No. 38; "Reply") was filed.  Upon review of the Motions and the file, the undersigned recommends granting the Motion to Dismiss to the extent that the First Amended Complaint against Rubin & Debski, P.A. ("Rubin & Debski") should be dismissed without prejudice, and further recommends denying the Motion for Sanctions.

## I. Background

On April 23, 2010, Plaintiff commenced this action by filing a Complaint against Defendants Capital One Services, LLC ("Capital One") and Rubin & Debski alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 et seq. ("FCCPA").  See Compl. (Doc. No. 1).  In a sua sponte Order dated May 3, 2010, the Complaint was dismissed without prejudice as an impermissible shotgun pleading.  See Order (Doc. No. 3).  Plaintiff was permitted an opportunity to file an amended complaint no later than June 2, 2010, id., which she did.  See First Am. Compl. (Doc. No. 4), filed May 5, 2010.

In the First Amended Complaint, Plaintiff alleges that on December 30, 2008, she notified her creditor, Capital One, by facsimile that she was represented by counsel with respect to her consumer debt accounts serviced by Capital One.  First Am. Compl. at 2.  In the facsimile, Plaintiff requested that Capital One cease contact with her regarding the debt.  Id. at 2, Ex. A.  Despite the notification and request, Plaintiff alleges that Kelly A. Karstaedt, Esquire of Rubin & Debski, a debt collector, sent Plaintiff a letter dated September 15, 2009 regarding collection of the debt owed to Capital One.  Id. at 2, Ex. B.  Based upon these allegations, Plaintiff contends that Capital One engaged in unlawful collection practices in violation of Section 559.72(18) of the FCCPA (count I); and that Rubin & Debski engaged in unlawful collection practices in violation of Section 1692c of the FDCPA (count II) and in

violation of Section 559.72(18) of the FCCPA (count III). Id. at 2-4. In these three counts, Plaintiff seeks actual and statutory damages, punitive damages, pre- and post-judgment interest, attorney's fees, and costs. Id. In a fourth count, Plaintiff seeks injunctive relief against both Defendants pursuant to Section 559.77 of the FCCPA, plus attorney's fees and costs. Id. at 4.

Following the filing of the First Amended Complaint, on May 24, 2010, Capital One filed an Answer (Doc. No. 6) to the First Amended Complaint. On June 7, 2010, Rubin & Debski filed a Motion to Dismiss (Doc. No. 8; "Original Motion to Dismiss") directed at the Complaint even though it had been dismissed previously by the Court. Plaintiff responded to the Original Motion to Dismiss on July 8, 2010 (Doc. No. 13). On August 27, 2010, the Honorable Timothy J. Corrigan entered an Order referring the Original Motion to Dismiss to the undersigned for the issuance of a report and recommendation regarding an appropriate resolution. See Order (Doc. No. 14).

On October 7, 2010, the undersigned entered an Order denying as moot the Original Motion to Dismiss because the Complaint had been dismissed and the First Amended Complaint had been filed. See Order (Doc. No. 19). In the same Order, Rubin & Debski was directed to respond to the First Amended Complaint no later than October 21, 2010, and Plaintiff was directed to respond to any motion to dismiss by November 4, 2010. See id. On October 11, 2010, the instant Motion to Dismiss was filed and referred to the undersigned. Plaintiff failed to respond within the time permitted. Accordingly, on November 17, 2010, an Order was entered directing Plaintiff to respond by November 24, 2010, failing which the Motion to Dismiss would be deemed unopposed. See Order (Doc. No. 23). Plaintiff again failed to respond.

Thereafter, on November 30, 2010, the Motion for Sanctions was filed by Rubin & Debski and referred to the undersigned. When Plaintiff failed to respond to the Motion for Sanctions, an Order to Show Cause was entered on December 22, 2010 setting a show cause hearing for January 6, 2011. See Order to Show Cause (Doc. No. 25). Prior to the show cause hearing, on January 2, 2011, Plaintiff filed motions to extend the time to respond to the Motion to Dismiss and Motion for Sanctions (Doc. Nos. 28, 29) and filed a response to the Order to Show Cause (Doc. No. 30; "Show Cause Response"). On January 5, 2011, Rubin & Debski filed its oppositions to the motions to extend time (Doc. Nos. 31, 32) and to the Show Cause Response (Doc. No. 33).

On January 6, 2011, the show cause hearing was held. See Minute Entry (Doc. No. 34); Transcript (Doc. No. 54; "Tr."). Afterwards, an Order was entered in which the undersigned found excusable neglect on the part of Plaintiff's counsel and found good cause to extend the time to respond to the instant Motions. See Order (Doc. No. 35) (citing Fed. R. Civ. P. 6(b)(1)). Accordingly, the motions to extend time to respond were granted. See Order (Doc. No. 35) at 1. Also, in accordance with a request made at the show cause hearing, Rubin & Debski was granted leave to reply to Plaintiff's response to the Motion to Dismiss. Id. at 2. Thereafter, the instant Responses and the Reply were filed.

## II.  Motion to Dismiss

### A. Parties' Positions

In the Motion to Dismiss, Rubin & Debski seeks to dismiss the First Amended Complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)") with prejudice. Motion to Dismiss at 1, 12. Rubin & Debski contends that "Plaintiff's Amended Complaint fails to set out sufficient facts that Rubin, a debt collector, had actual knowledge

the debtor was represented by counsel and as such, the Amended Complaint fails to state a cause of action under either the [FDCPA] or the [FCCPA]." Id. at 1 (emphasis omitted). In response, Plaintiff contends her First Amended Complaint "plausibly alleges relevant knowledge." Response to Motion to Dismiss at 4 (emphasis omitted). Plaintiff points to the language in her First Amended Complaint that Rubin & Debski "had actual knowledge that [Plaintiff] was represented by counsel no later than September 14, 2009," and she argues that rather than being a bare legal conclusion, this is a specific factual assertion which survives a motion to dismiss. Id. at 4-5 (citation omitted). Plaintiff further argues that actual knowledge on the part of Rubin & Debski can "be inferred from the balance of the complaint." Id. at 5 (citations omitted). Finally, Plaintiff alleges the letter dated September 15, 2009 she received from Rubin & Debski "establishes th[at] [Rubin & Debski] is the creditor's agent." Id. (citations omitted).

### B. Legal Standard

In reviewing and deciding a motion to dismiss premised on Rule 12(b)(6), "'the court limits its consideration to the pleadings and exhibits attached thereto.'" Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting GSW, Inc. v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir.1993)). In considering such pleadings and exhibits, the Court must accept well-pled factual allegations as true and view the allegations in the light most favorable to the non-moving party. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). However, "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl. Corp., 550 U.S. at 570). A claim is facially plausible when the Court can make a reasonable inference based on the facts pled that an opposing party is liable for the alleged misconduct. Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp., 550 U.S. at 570). "In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, 'but we are not required to draw plaintiff's inference.'" Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005)). "Similarly, 'unwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal, 578 F.3d at 1260 (quoting Aldana, 416 F.3d at 1248 and citing Iqbal, 129 S. Ct. at 1951).

### C. Discussion

#### 1. FDCPA (Count II)

The FDCPA prohibits a debt collector from communicating with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt . . ." 15 U.S.C. § 1692c(a)(2). In deciding what type of knowledge is required under this provision of the FDCPA, the great majority of federal courts have required actual knowledge on the part of the debt collector, declining to impute knowledge by the creditor to the debt collector. See, e.g., Schmitt v. FMA Alliance, 398 F.3d 995, 997-98 (8th Cir. 2005) (affirming dismissal of complaint based on debt collector's argument that the "FDCPA requires a plaintiff to plead that the debt collector had actual knowledge of the plaintiff's representation" and declining to impute knowledge); Randolph v. IMBS, Inc., 368 F.3d 726, 729 (7th Cir. 2004) (recognizing that under the FDCPA, "Courts do not impute to debt collectors other information that may

be in creditors' files . . ." and explaining other requirements of the FDCPA would be "unnecessary" and "pointless if creditors' knowledge were imputed to debt collectors"); Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991) (affirming the granting of summary judgment when the debt collector "had not been informed that [the plaintiff] was represented by counsel with respect to [certain] debts"); Bacelli v. MFP, Inc., 729 F. Supp. 2d 1328, 1344 (M.D. Fla. 2010) (granting summary judgment to a debt collector on a claim alleging a violation of Section 1692c(a)(2) and recognizing that "the only courts of appeals to have addressed [the argument that knowledge should be imputed to the debt collector under the FDCPA] have squarely rejected it") (citations omitted); Cavanaugh v. HSBC Card Servs., Inc., No. 3:10-cv-356-J-20TEM, 2010 WL 3746260, at *2 (M.D. Fla. Sept. 22, 2010) (unpublished) (dismissing complaint due to failure to sufficiently allege actual knowledge on the part of the debt collector that the plaintiff was represented by counsel); but see Powers v. Prof'l Credit Servs., Inc., 107 F. Supp. 2d 166, 168 (N.D.N.Y. 2000) (in denying a motion to dismiss, stating the FDCPA "does not require that the debt collector have 'actual knowlege' of plaintiff's legal representation" and that "[k]nowledge can be imputed to the debt collector when the creditor has such knowledge and fails to convey it to its agent, the debt collector, at the time it seeks collection"); Micare v. Foster & Garbus, 132 F. Supp. 2d 77, 80-81 (N.D.N.Y. 2001) (recognizing other courts' holdings that actual knowledge is required but indicating that "imputing knowledge to the debt collector when it does not inquire whether the debtor is represented by counsel gives full meaning to both the FTC Commentary and to the protections afforded by the FDCPA").

In apparent recognition of the majority view on this issue, Plaintiff has alleged in her First Amended Complaint that Rubin & Debski had actual knowledge of Plaintiff's representation by counsel. See First Am. Compl. at 3. Specifically, Plaintiff pleads:

12. Debt Collector is party to an agreement with Creditor, date unknown (the "Master Collection Agreement") whereby it, as a matter of policy, practice, and procedure, is required to receive notice when a consumer referred for collection by Creditor is represented by counsel.

13. Pursuant to the Master Collection Agreement, Debt Collector had actual knowledge that Ms. Watson was represented by counsel no later than September 14, 2009.

14. Despite this contractually-required notice, Debt Collector does not specifically inquire of Creditor whether a consumer is represented by an attorney or provide for placement of that information in its data processing system before communicating with that consumer in attempt to collect a debt.

15. Rather, Debt Collector and Creditor, by express or implied agreement, attempt to keep Debt Collector from acting upon the knowledge that a consumer is represented in order to maximize illegal collections.

Id. As explained below, Plaintiff does not support her conclusion that Rubin & Debski had "actual knowledge" of her representation by counsel with sufficient facts. To the extent Plaintiff attempts to do so, the facts are confusing and contradictory. Further, almost identical allegations made by a plaintiff in a recent unrelated case (by the same counsel as Plaintiff's counsel in this case and against the same defendant) in an attempt to sufficiently allege actual knowledge under the FDCPA have been rejected by a judge of this Court.

Plaintiff attempts to support her conclusion that Rubin & Debski had actual knowledge of Plaintiff's representation by alleging that Capital One and Rubin & Debski were parties to a Master Collection Agreement. Id. Under this Master Collection Agreement, says Plaintiff, Rubin & Debski was required to receive notice by Capital One if a consumer was

represented by counsel. Id. Without pleading the alleged manner in which Rubin & Debski generally receives notice or the manner in which it supposedly did here, Plaintiff contends that pursuant to this Master Collection Agreement, Rubin & Debski had actual knowledge of her representation by counsel. Id. Were the Court to accept this contention of actual knowledge, it would have to assume (without any factual basis for doing so) that there was an express communication from one Defendant to the other, which could have occurred in a number of different ways, including: (1) Capital One contacting Rubin & Debski and communicating that Plaintiff was represented by counsel; or (2) Rubin & Debski inquiring of Capital One prior to contacting Plaintiff whether Plaintiff was represented by counsel and receiving an affirmative response. Of course, the second way could not have happened here, because Plaintiff goes on to plead that Rubin & Debski does not inquire of Capital One whether a creditor is represented by counsel. Id. Then, making matters confusing, Plaintiff alleges that Capital One and Rubin & Debski have another agreement in place, this one either explicit or implicit, for the purpose of maximizing illegal collections. Id. Under this agreement, Plaintiff alleges that Defendants "attempt to keep [Rubin & Debski] from acting upon the knowledge that a consumer is represented," but Plaintiff does not allege how Defendants allegedly keep this from happening. Id. The Court surmises this would require Capital One to intentionally prevent Rubin & Debski from receiving knowledge of a consumer's representation by counsel.[2] If this supposition is accurate, Rubin & Debski could

---

[2] In the Response to Motion to Dismiss, Plaintiff relies in part on Powers, 107 F. Supp. 2d at 168, and Micare, 132 F. Supp. 2d at 80-81. See Response to Motion to Dismiss at 6. As summarized supra at p. 7, these cases held that actual knowledge is not required in certain instances. By relying on these cases, and by pleading in the First Amended Complaint that Capital One and Rubin & Debski have an agreement aimed at "maximizing illegal collections" in which Rubin & Debski is kept from acting upon knowledge of representation by counsel, Plaintiff appears to be traveling under the theory that Defendants somehow acted in concert to purposely avoid Rubin & Debski acquiring actual knowledge of Plaintiff's representation by counsel so that Rubin
(continued...)

not have had actual knowledge of Plaintiff's representation.  Given the contradictory and confusing nature of the facts alleged in support of the conclusion that Rubin & Debski had actual knowledge of Plaintiff's representation by counsel, Plaintiff's allegation of actual knowledge is not supported by sufficient facts. See Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl. Corp., 550 U.S. at 570). Further, as pointed out in the Reply, almost identical allegations made in an unrelated case (by the same counsel as Plaintiff's counsel in this case and against the same Defendant) in an attempt to sufficiently plead the required knowledge on the part of a debt collector have recently been rejected by a judge of this Court. See Cavanaugh, 2010 WL 3746260, at *2.[3]

---

[2](...continued)
& Debski could plead ignorance as to Plaintiff's representation. However, at the show cause hearing, Plaintiff's counsel represented that he is not pursuing such a theory in this case. See Tr. at 14-15. Rather, Plaintiff alleges actual knowledge on the part of Rubin & Debski that, according to Plaintiff, can be shown through circumstantial evidence. See id.

[3]   The relevant allegations in the Cavanaugh Complaint are not quoted verbatim in the decision. Those allegations are:

12.  Debt collector, as a matter of policy, practice and procedure, is contractually required to receive notice when a consumer referred for collection by Creditor is represented by counsel.
13.  Pursuant to the agreement between the Defendants, Debt Collector had actual knowledge that Ms. Cavanaugh was represented by counsel no later than April 11, 2010.
14.  Despite this contractually-required notice, Debt Collector does not specifically inquire of Creditor whether a consumer is represented by an attorney or provide for placement of that information in its data processing system before communicating with that consumer in attempt to collect a debt.
15.  Rather, Debt Collector and Creditor, by express or implied agreement, attempt to keep Debt Collector from acting upon knowledge that a consumer is represented in order to maximize illegal collections.

Compl. (Doc. No. 1) at 3, Case No. 3:10-cv-356-J-20TEM (M.D. Fla.). When considering a motion to dismiss, a court may take judicial notice of public records. Universal Express, Inc. v. U.S.S.E.C., 177 F. App'x 52, 53 (11th Cir. Apr. 18, 2006) (unpublished) (per curiam) (citing Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999)). Because complaints filed in federal court are public records, the Court may take judicial notice of and consider the Cavanaugh Complaint in evaluating the instant Motion to Dismiss. See Universal Express, 177 Fed. Appx. at 53-54. Accordingly, the undersigned does so here. A review of the Cavanaugh Complaint provides further support for the undersigned's conclusion in this matter, but this conclusion would be reached even in the absence of reviewing

(continued...)

In light of the foregoing, the FDCPA claim against Rubin & Debski is due to be dismissed.

### 2. FCCPA (Count III)

The FCCPA prohibits a debt collector from "[c]ommunicat[ing] with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt . . ." Fla. Stat. § 559.72(18). Much like the FDCPA, under "the FCCPA, the use of the word 'knows' requires actual knowledge of the impropriety or overreach of a claim." In re Lamb, 409 B.R. 534, 541 (N.D. Fla. 2009). Plaintiff relies upon the same allegations that the undersigned has rejected in Part II.C.1, supra, to plead the required knowledge. See First Am. Compl. at 3. Further, nearly identical pleading for a FCCPA claim was rejected by this Court in Cavanaugh, 2010 WL 3746260, at *2. Accordingly, the FCCPA claim against Rubin & Debski is also due to be dismissed.

### D. Conclusion Regarding Motion to Dismiss

The only two substantive counts against Rubin & Debski (counts II and III) should be dismissed. The fourth count, in which Rubin & Debski is named (along with the co-defendant) does not allege a substantive violation of law but merely seeks injunctive relief in connection with the infirm FCCPA claim. Therefore, the Motion to Dismiss should be granted to the extent that the First Amended Complaint against Rubin & Debski should be dismissed without prejudice. Consistent with the Court's decision in Cavanaugh, 2010 WL 3746260, at *2, the undersigned recommends allowing Plaintiff one final opportunity to plead

---

[3](...continued)
the Cavanaugh Complaint.

the claims against Rubin & Debski with the specificity required by Iqbal, 129 S. Ct. at 1949 and Bell Atl. Corp., 550 U.S. at 555.

### III. Motion for Sanctions

#### A. Parties' Positions

In the Motion for Sanctions, Rubin & Debski seeks sanctions pursuant to Rule 11 in connection with the allegations and claims in the First Amended Complaint. Motion for Sanctions at 2-3. There are two bases for seeking Rule 11 sanctions: (1) the claims against Rubin & Debski are not warranted by existing law or by non-frivolous argument of the extension, modification, or reversal of existing law or the establishment of new law (see Fed. R. Civ. P. 11(b)(2)); and (2) the factual contentions against Rubin & Debski are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery (see Fed. R. Civ. P. 11(b)(3)). Motion for Sanctions at 1, 2-3. With respect to the first basis, Rubin & Debski contends that a theory of liability based on constructive knowledge has been rejected by the United States Court of Appeals for the Eleventh Circuit and by district courts within the Eleventh Circuit. Id. at 3 (citing Motion to Dismiss[4]). With respect to the second basis, Rubin & Debski contends the allegation of it having actual knowledge of Plaintiff's representation in the First Amended Complaint has no "factual basis whatsoever[.]" Motion for Sanctions at 3. As potential sanctions, Rubin & Debski suggests an award of costs and attorney's fees incurred by Rubin & Debski in responding to the initial Complaint, the First Amended Complaint, and filing the Motion for Sanctions. Id. at 5.

---

[4] Although Rubin & Debski cites in its Motion to Dismiss cases from the Middle District of Florida pertinent to the issue, the undersigned was unable to locate in the Motion to Dismiss an Eleventh Circuit case cited for the proposition that constructive knowledge is insufficient. See generally Motion to Dismiss.

In opposition, Plaintiff contends her "Amended Complaint plausibly alleges detailed facts and circumstances giving rise to an inference that [Rubin & Debski], a law firm, has violated the [FDCPA] and [the FCCPA] by directly contacting for debt collection purposes a consumer that it knew to be represented by counsel." Response to Motion for Sanctions at 1.[5]  Much like she does in the Response to Motion to Dismiss, Plaintiff argues that her allegation in the First Amended Complaint of Rubin & Debski having "'actual knowledge that Ms. Watson was represented by counsel no later than April 11, 2010[[6]]' is a specific factual assertion, not a bare legal conclusion." Id. at 3 (citation omitted).  Plaintiff contends that facts in her First Amended Complaint "lead to an inference of [Rubin & Debski]'s knowledge[.]" Id. at 3.  In support of this contention, Plaintiff points out (1) that there are industry-standard collection practices in which a consumer's represented status should be specified in communications from the creditor to the debt collector; (2) there is an independent duty of a debt-collecting attorney to investigate the facts surrounding the debt prior to sending a demand letter; and (3) that Rubin & Debski is allegedly an agent of Capital One Services, LLC. Id. at 3-4; Show Cause Response at 4.

### B. Legal Standard

Rule 11 imposes a duty upon counsel to refrain from filing or pursuing frivolous claims. When considering a motion for sanctions pursuant to Rule 11, the Court is required to conduct a two-part inquiry, deciding "'(1) whether the party's claims are objectively

---

[5] In the Response to Motion for Sanctions, Plaintiff suggests that the Motion for Sanctions should be stricken. Response to Motion for Sanctions at 1.  Further, Plaintiff requested at the January 6, 2011 show cause hearing that certain representations in the Motion for Sanctions be stricken.  In the Order dated January 7, 2011, the undersigned denied Plaintiff's request. See Order (Doc. No. 35) at 2.

[6] Plaintiff's First Amended Complaint actually alleges "no later than September 14, 2009." First Am. Compl. at 3.

frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous.'" Byrne v. Nezhat, 261 F.3d 1075, 1105 (11th Cir. 2001) (quoting Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998)). "[I]f, after dismissing a party's claim as baseless, the court finds that the party's attorney failed to conduct a reasonable inquiry into the matter, then the court is obligated to impose sanctions even if the attorney had a good faith belief that the claim was sound." Byrne, 261 F.3d at 1105-06 (citing In re Mroz, 65 F.3d 1567, 1573 (11th Cir. 1995)).

### C. Discussion

Upon review of the two bases for seeking sanctions, the undersigned is unwilling to make the finding that Plaintiff's claims are objectively frivolous. First, Rubin and Debski contends that "[i]f Plaintiff is asserting that Rubin had constructive knowledge (should have known) that Plaintiff was represented by counsel, then Plaintiff and counsel [are] pursuing a theory which has been soundly rejected and that, as such, this theory of liability is not warranted by existing law and presents a frivolous argument for the extension, modification or reversal of existing law or the establishment of new law." Motion for Sanctions at 2. Second, with regard to the claim not having proper factual support, Rubin & Debski states "Plaintiff does not plead in the Amended Complaint that she has reason to believe Rubin had actual knowledge. In fact, Plaintiff's counsel has been told otherwise."[7] Motion for Sanctions at 2-3.

---

[7] The Motion for Sanctions states that a copy of a letter sent to Plaintiff's counsel notifying counsel that Rubin & Debski was seeking sanctions is attached as an exhibit. Motion for Sanctions at 3. However, the letter is not attached. During the show cause hearing, Rubin & Debski's counsel submitted the letter for the undersigned's review. Tr. at 16.

It is now clear based upon Plaintiff's counsel's representation at the show cause hearing, although not entirely clear from reading the First Amended Complaint, that Plaintiff is not pursuing a constructive knowledge theory; rather, she contends Rubin & Debski had actual knowledge of her representation by counsel. See Tr. at 14-15. Even though Plaintiff has not alleged direct facts which if proven would show such knowledge, she represents she can show actual knowledge through circumstantial evidence. See id. Though not a model of clarity, the First Amended Complaint contains some attempt, albeit insufficient for the reasons stated in Part II.C., supra, to allege circumstantial ways in which Rubin & Debski may have had actual knowledge.

Rubin & Debski's frustration with the inartful pleading by Plaintiff in her First Amended Complaint is understandable. The frustration only continued when Plaintiff refused to withdraw her First Amended Complaint after a judge in this Court rejected nearly identical allegations in the Cavanaugh case. Noteworthy, though, is that the Cavanaugh decision was not issued prior to the First Amended Complaint being filed in this case.[8] In addition, Cavanaugh is an unpublished decision, and although persuasive, is not binding. In sum, the undersigned concludes that the inartful and insufficient allegations by Plaintiff in the First Amended Complaint do not rise to the level of finding the claims are frivolous such that Rule 11 sanctions should be imposed. Further, there are insufficient facts in the record upon which to base a finding that Plaintiff's counsel failed to conduct a reasonable inquiry prior

---

[8] Rubin & Debski represents in its Motion for Sanctions that "[t]he Amended Complaint was filed shortly after the virtually identical Complaint and liability theory was dismissed by the Honorable Harvey E. Schlesinger in Cavanaugh . . . ." Motion for Sanctions at 4 (emphasis supplied). Although apparently inadvertent, this representation is inaccurate. The First Amended Complaint in this matter was filed on May 5, 2010. Judge Schlesinger's Order in Cavanaugh was entered on August 21, 2010 and filed on September 22, 2010. See Order (Doc. No. 16), Case No. 3:10-cv-356-J-20TEM (M.D. Fla.).

to filing the First Amended Complaint. See Tr. at 11 (counsel indicating he conducted a presuit investigation), Tr. at 12 (counsel indicating, "We don't have any reason, on a presuit basis, to have any belief whatsoever that Capit[a]l One doesn't have [a] standard [of obtaining representation information from creditors] and that Rubin & Debski is not a signatory to an agreement with Capit[a]l One where Capital One gives it that information"). Accordingly, the Motion for Sanctions is due to be denied.

## IV. Conclusion

For the reasons stated herein, it is

**RECOMMENDED:**

1.     That Defendant, Rubin & Debski's Motion to Dismiss Plaintiff's First Amended Complaint and Integrated Memorandum of Law (Doc. No. 21) be **GRANTED** to the extent that the First Amended Complaint against Rubin & Debski, P.A. be **DISMISSED without prejudice**;

2.     That Plaintiff be permitted one final opportunity to plead her claims with the specificity required by Iqbal, 129 S. Ct. at 1949 and Bell Atl. Corp., 550 U.S. at 555, within **fourteen (14) days** of the entry of an Order on this matter; and

3.     That Defendant, Rubin & Debski, P.A.['s] Motion for Sanctions Against Plaintiff and Incorporated Memorandum of Law (Doc. No. 24) be **DENIED**.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on June 7, 2011.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw

Copies to:

Honorable Roy B. Dalton, Jr.
United States District Judge

Counsel of Record